IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 22-CR-00427-02-SEH |
| **CRYSTAL TANARA SELLS,** | |
| Defendant. | |

## OPINION AND ORDER

Before the Court are several motions filed by Defendant Crystal Sells about the joint trial she is currently scheduled to have with her co-defendants Aundra Sells and Kei-A-Wana Sells. Defendant Crystal Sells moves for a bill of particulars [ECF No. 96], moves to dismiss count three of the indictment [ECF No. 98], and moves to sever her charges from those of her co-defendants, claiming misjoinder and prejudicial joinder. [ECF Nos. 97, 99]. The government has filed responses to each of Defendant's motions. [ECF Nos. 105, 106]. On September 17, 2024, the Court held a pretrial hearing and heard arguments from both parties. Defendant has supplemented her motion to sever asserting misjoinder, to further address a question raised by the Court at the pretrial hearing. [ECF No. 123]. For the reasons provided below, the motions are denied.

## I. Background / Procedural History

After the biological parents of three children had their parental rights terminated, the children were eventually placed with Defendant Aundra Sells. [ECF No. 105 at 1]. Defendants Kei-A-Wana Sells and Crystal Sells are Aundra Sells's adult daughters. [ECF No. 97 at 2].

On December 20, 2022, a federal grand jury charged each defendant in this case with one count of child abuse in Indian country (counts one, three, and five) and one count of child neglect in Indian country (counts two, four, and six). [ECF No. 2]. On September 16, 2024, a superseding indictment was returned, charging the same defendants with the same counts. [ECF No. 117].

Defendant Crystal Sells is charged in counts three and four of the superseding indictment. [ECF No. 117 at 3–4]. Count three alleges that "[b]etween January 1, 2019, and October 5, 2022, within Indian Country in the Northern District of Oklahoma, the defendant, …, an Indian responsible for the health, safety, and welfare of MV-1, MV-2, and MV-3, children under the age of 18 years known to the Grand Jury, willfully and maliciously harmed and threatened harm to the heath, safety, and welfare of MV-1, MV-2, and MV-3, and failed to protect them from such harm." [*Id*. at 3]. Count four charges the same date range and that Crystal Sells "willfully and maliciously failed and omitted to provide adequate nurturance and affection,

food, clothing, shelter, sanitation, hygiene, supervision, and appropriate caretakers, and special care made necessary by the physical and mental condition of the children for MV-1, MV-2, and MV-3." [*Id.* at 4].

Defendant Crystal Sells now moves for a bill of particulars [ECF No. 96], moves to dismiss count three of the indictment [ECF No. 98], and moves to sever her charges from those of her co-defendants, claiming misjoinder and prejudicial joinder. [ECF Nos. 97, 99].[1] Her co-defendants do not join any of her motions.

## II. Motion to Dismiss Count Three [ECF No. 98]

Defendant moves to dismiss the indictment under Fed. R. Crim. P. 12(b)(3)(B)(v), arguing that count three is deficient on its face because it fails to allege that she was "responsible for the health, safety, or welfare of the children" named in that count. [[ECF No. 98 at 2]. Because the superseding indictment cures this defect in the original indictment, the Court finds that Defendant's motion to dismiss [ECF No. 98] is moot.

## III. Motion for a Bill of Particulars [ECF No. 96]

Defendant asks the Court to order the government to file a bill of particulars, claiming the government's basis for charging her is "unclear,"

---

[1] Although Defendant acknowledges in her supplemental brief that the Court could require her to refile her motions upon the filing of the superseding indictment, the Court finds refiling unnecessary to consider the substantive arguments raised in Defendant's motions. [*See* ECF No. 123 at 3].

when she did not live in the home or provide care to the minor children during most of the charged period. [ECF No. 96 at 1]. She provides different accounts of DHS referrals, arguing that they show she was not in the home during most of the alleged period. [*Id*. at 1–3]. Defendant states, "neither the Indictment nor the discovery provided adequately allows [her] to understand the factual basis of the charge against her such that she can present a full and complete defense to the charges." [*Id*. at 4].

The government responds that the indictment gives Defendant adequate notice of the charges against her to prepare for trial, and the discovery materials provided to Defendant have given her additional notice of the factual basis for the charges against her. [ECF No. 106 at 5–6]. The government states that Defendant's summary of DHS referrals is "misleading" because it ignores evidence "showing that she lived in the home with the minor victims during the period alleged in the Indictment," as well as "other incriminating evidence that implicates her in the abuse and neglect of the three minor victims." [*Id*. at 6].

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...." An indictment "generally is sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense." *United States v. Salazar*, 720 F.2d 1482, 1486 (10th

4

Cir. 1983). The government must provide enough information in the indictment to allow a defendant to prepare a defense, avoid prejudicial surprise at trial, and preclude a second prosecution for the same offense. *See United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014); *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). The "test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (citation omitted).

If a defendant seeks more definite information about the charges against her, her remedy is to file a motion for a bill of particulars. *United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the charge against [her] with sufficient precision to allow [her] to prepare [her] defense." *Ivy*, 83 F.3d at 1281 (10th Cir. 1996) (citation and internal quotation marks omitted). A bill of particulars may be required when the indictment fails to give a defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). If the indictment sets forth the elements of the

offense charged and sufficiently apprises the defendant of the charge to enable her to prepare for trial, a bill of particulars is not necessary. *Id*.

Here, the indictment provides a plain, concise, and definite written statement of the essential facts constituting the offense; specifically, it states that between January 1, 2019 and October 5, 2022, Defendant "willfully and maliciously harmed and threatened harm to the health, safety, and welfare of MV-1, MV-2, and MV-3, and failed to protect them from such harm." [ECF No. 117 at 3]. It further alleges that Defendant, over the same period, "willfully and maliciously failed and omitted to provide adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, supervision, and appropriate caretakers, and special care made necessary by the physical and mental condition of the children for MV-1, MV-2, and MV-3." [*Id*. at 4].

Moreover, the government has produced two productions of discovery in this case, "including disclosures made by the three minor victims and [Defendant's] own two minor children—showing that she lived in the home with the minor victims during the period alleged in the Indictment," as well as "other incriminating evidence that implicates her in the abuse and neglect of the three minor victims." [ECF No. 106 at 6]. Notably, in its response to a different motion filed by Defendant, the government provides specific bates stamp references supporting its allegation that Defendant lived with the minor children during the charged period. [ECF No. 105 at 2]. These

references match the bates stamps listed for alleged abuse and neglect involving "depriving [the children] of food and forcing them to eat dog food" and "forcing them to do strenuous exercise outside in the heat while dressed in cold weather clothes." [*Id.*]. Therefore, the Court finds that, taken together, the indictment and discovery in this case provide Defendant with ample information to sufficiently prepare her defense. Defendant's desire to know specifically which evidence plaintiff will present in its case-in-chief does not entitle her to a bill of particulars. *See United States v. Dunn*, 841 F.2d 1026, at 1030 (10th Cir. 1988). Thus, Defendant's motion for a bill of particulars should be denied.

**IV. Motions to Sever [ECF Nos. 97, 99]**

Next, Defendant moves to sever counts three and four from the remaining counts in the indictment, arguing that they are improperly joined and that she should be tried alone. [ECF No. 99]. Defendant acknowledges that the charged period is the same for all acts in the indictment but claims that the offenses pertaining to her are improperly joined because the government has not alleged that Defendant "participated in the same act, or series of acts, as another defendant." [*Id.* at 1]. Defendant further argues that unless the counts are severed, she will be "at great risk of being found guilty by association" and therefore moves for severance under Fed. R. Crim. P. 14. [ECF No. 97]. The government responds that the defendants were properly

7

joined under Rule 8(b), and Defendant has failed to show that a joint trial "would so deprive her of her right to a fair trial as to warrant severance." [ECF No. 105 at 1].

Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, under Rule 14(a), "[i]f the joinder of ... defendants ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

As a general rule, individuals indicted together should be tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). If defendants have been properly joined in the same indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A court's decision to order severance is discretionary, and a defendant bears a "heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Neither a mere allegation that [the] defendant would have a better chance of acquittal in a separate trial, nor a complaint of

8

the 'spillover effect' [of damaging evidence], is sufficient to warrant severance." *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)). "To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to [her] defense that outweighs the expense and inconvenience of separate trials." *United States v. Thomas*, 849 F.3d 906, 911–12 (10th Cir. 2017).

Even if a defendant shows prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Critically, the trial court must "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *United States v. Peterson*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted).

Here, the defendants are properly joined. Counts three and four of the superseding indictment allege that Defendant Crystal Sells abused and neglected MV-1, MV-2, and MV-3 between January 1, 2019 and October 5, 2022. [ECF No. 117 at 3–4]. The other counts in the superseding indictment allege the same offenses against the same victims during the same period. [*Id.* at 1–2, 5–6]. Thus, all these offenses are similar in character because they all relate to the defendants' alleged abuse and neglect of the same minor children over the same window of time.

At the pretrial hearing, Defendant argued that her counts are improperly joined because the government did not charge the defendants as acting in concert with one another, aiding and abetting one another, or conspiring to commit the charged offenses. The Court rejects this argument for several reasons. First, Rule 8(b) explains that all defendants joined in an indictment "need not be charged in each count." Second, "Rule 8(b) only requires that the offenses be part of the same act or transaction, or same series of acts or transactions; it does not require that a defendant be charged with conspiracy." *United States v. Fields*, 347 F. App'x 782, 785 (3d Cir, 2009). Third, "[w]here conduct upon which each of the counts is based is part of a factually related transaction or series of events in which all defendants participated, charges may be properly joined although various offenses were distinct and defendants were not charged on each count or guilty of the same offenses." *United States v. Leach*, 429 F.2d 956, 960 (8th Cir. 1970) (citations omitted). As shown above, all three defendants are charged with abusing and neglecting the same children. Therefore, the Court finds that the defendants are properly joined because the offenses, if proved, are of the same or similar nature.

Defendant also fails to meet her heavy burden to show actual prejudice resulting from a joint trial. Although Defendant argues that severance is required to cure the risk of prejudice from the potential introduction of

evidence involving a mauling by a pit bull, the Court has not yet ruled on the admissibility of any evidence in this case. Thus, the Court cannot conclude that the evidence will be admitted at a joint trial nor that it would be inadmissible in severed trials. Defendant bears the "heavy burden of showing real prejudice to [her] case," and her speculation that certain spill over evidence against her co-defendants may prejudice her is insufficient to justify severance. *McConnell*, 749 F.2d at 1445; *Edwards*, 69 F.3d at 434. Even if the Court later concludes the evidence is only admissible against her co-defendants, "less drastic measures, such as limiting instructions" would be sufficient to cure the risk of prejudice. *Zafiro*, 506 U.S. at 534.

Moreover, in weighing any potential prejudice against judicial economy, the Court is persuaded that if Defendant were granted a severed trial from her co-defendants, each trial would involve the same factual history, victims, witnesses, much of the same evidence, and address conduct alleged to have occurred at the same location over the same period. Thus, the Court concludes that Defendant has not met her "heavy burden" to show that severance is appropriate in this case.

IT IS THEREFORE ORDERED that Defendant Crystal Sells's motion to dismiss [ECF No. 98] is DENIED AS MOOT.

IT IS FURTHER ORDERED that her motion for a bill of particulars [ECF No. 96] and motions to sever [ECF Nos. 97, 99] are DENIED.

DATED this 20th day of September, 2024.

_Sara Hill_
_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE